IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY LYNN,<br><br>    Plaintiff,<br><br>  v.<br><br>PACIFIC GAS & ELECTRIC COMPANY,<br><br>    Defendant.<br>———————————————————/ | No. 10-01306 CW<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS (Docket No. 10) |

INTRODUCTION

    Plaintiff Jeffrey Lynn alleges that Defendant Pacific Gas and Electric Company (PG&E) has denied him long-term disability benefits in violation of the Employee Retirement Income Security Act (ERISA). PG&E moves to dismiss Plaintiff's complaint for failure to state a claim. Plaintiff opposes the motion. The motion was taken under submission on the papers. Having considered the papers submitted by the parties, the Court GRANTS PG&E's motion in part and DENIES it in part.

BACKGROUND

    The following facts are taken from the complaint and documents upon which the complaint relies, as described below.

    Plaintiff began employment with PG&E on May 22, 1984. On May 22, 1994, while in the course of his employment, Plaintiff was in

an auto collision that left him disabled.  Plaintiff returned to work for a brief period later in 1994, but he has not worked since that time.  Plaintiff alleges that, although he has been unable to work, he has remained an employee of PG&E, and collected workers' compensation benefits until 2009.

On October 27, 2009, Plaintiff applied for benefits under PG&E's long-term disability benefit plan.  On December 23, 2009, the plan administrator, identified only as "Hewitt," denied Plaintiff's claim for benefits.  Hewitt explained that Plaintiff's ten years and five days of credited service at the time of the accident qualified him for ten years and five days of long-term disability benefits.  Under this calculation, Plaintiff's eligibility for long-term disability benefits ended in 2005.  Further, Hewitt noted that workers' compensation benefits and long-term disability benefits run concurrently and, because Plaintiff's workers' compensation benefits exceeded his long-term disability benefits, he was not entitled to benefits for the period prior to 2005.  On March 3, 2010, Hewitt's decision was affirmed by its Employee Benefits Appeals Committee.

On March 29, 2010, Plaintiff filed a complaint alleging that his benefits were denied in violation of ERISA, 29 U.S.C. §§ 1001-1469.  The complaint prays for relief in the form of compensatory damages, costs and attorneys' fees, and "statutory damages pursuant to 29 U.S.C. §§ 1132(c)(1)(b) and/or (c)(3) for failure to provide requested long-term disability documents within 30 days."  (Comp. 5).  On April 27, 2010, PG&E filed a motion to dismiss the complaint for failure to state a claim pursuant to Federal Rule of

2

Civil Procedure 12(b)(6).

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Dismissal under Rule 12(b)(6) for failure to state a claim is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be liberally granted, but an amended

3

complaint cannot allege facts inconsistent with the challenged pleading.  Id. at 296-97.

DISCUSSION

I.  Supplemental Documents Attached to Defendant's Motion to Dismiss

Supplemental documents appended to a motion to dismiss may be considered if the authenticity of the documents is uncontested and the complaint necessarily relies on them, even if the plaintiff does not explicitly allege the contents of the documents.  Knieval v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (citations omitted); see Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998) (noting that such a rule prevents "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based.").

Here, Plaintiff's complaint pleads the existence of a PG&E long-term disability plan, Plaintiff's application for long-term disability benefits, the denial of the application directly and on appeal and an explanatory brochure allegedly not given to Plaintiff when requested.  Because the complaint necessarily relies on the contents of these documents, and because Plaintiff does not contest their authenticity, the Court considers them in resolving the motion.

II.  Plaintiff's Long-term Disability Benefits Claim

Defendant argues that the motion to dismiss should be granted because, under the plain language of the plan which describes its long-term disability benefits, Plaintiff's eligibility for benefits ended in 2005.

4

Defendant has submitted two long-term disability plans with its motion to dismiss, one dating from 1991, and one from 2008. The two plans are substantially similar in the portions to which the parties refer, with the only difference being that the 1991 plan refers to "Service" while the 2008 plan refers to "Credited Service." Def.'s Mot. Dismiss, Ex. D., § 19.E. at 11; Def.'s Reply, Ex. A, § IV.E at 44. Because there appears to be no dispute over the word "Credited," the Court refers only to the 2008 plan.

The relevant portion of the 2008 plan provides:

> SECTION IV. DURATION OF LONG-TERM DISABILITY BENEFITS
> While a Participant follows treatment recommended by his physician, LTD benefits will be available until the earliest of the following:
>
> . . .
>
> D.  If the Participant becomes eligible for LTD benefits, at age 61 or older, or if the Participant has less than five years of Credited Service with one or more Employers (as each term is defined in the Retirement plan) at the date of disability: Five years.
>
> E.  If the Participant has five, but less than 15 years of Credited Service with one or more Employers at the date of disability: a period equal to the Participant's length of service with an employer.
>
> F.  If the Participant has 15 or more years of Credited Service with one or more Employers at the date of disability: the date of the Participant's retirement under the provisions of the Retirement Plan or an Early Retirement Date selected by the Participant under the provisions of the Retirement Plan.

Here, the parties agree that Plaintiff had ten years and five days of Credited Service at the time he became disabled. This means that Section IV.E. of the plan applies, and he is entitled to "a period equal to the Participant's length of Credited Service with an employer." The parties dispute, however, the interpretation of

5

that phrase.

Defendant argues that, as plan administrator Hewitt noted in its denial of Plaintiff's application, Plaintiff's "length of Credited Service with an employer" is the number of years Plaintiff worked for PG&E before he became disabled, ten years and five days. This would mean that Plaintiff's eligibility ended in 2005. In his sur-reply,[1] Plaintiff disputes this interpretation, arguing instead that because he remains employed by PG&E and continues to accrue Credited Service, he is entitled to long-term disability benefits based on his continuing Credited Service, now more than twenty-five years.

Section IV.E. does not explicitly state whether "a period equal to the Participant's length of Credited Service" is to be measured from the date of disability or the date the participant ceases to be employed with PG&E. Plaintiff alleges that he has remained employed with PG&E and continued to accrue credited service after the date of his disability. Comp. 3. Neither party explains why Plaintiff has remained an employee of PG&E and continued to accrue credited service despite the fact that he has not worked for the last sixteen years. Defendant's references to Section II.C. and to its explanatory booklet do not appear to demonstrate conclusively that Plaintiff's interpretation is untenable. Defendant has not carried its burden to show that

---

[1] Defendant moves to strike Plaintiff's sur-reply because Plaintiff did not obtain leave to file it, as required by Civil Local Rule 7-3(d). However, the Court will consider Plaintiff's sur-reply because it addresses the interpretation of documents first introduced with Defendant's reply.

6

Plaintiff's complaint fails to state a claim upon which relief can be granted. Therefore, the Court denies Defendant's motion to dismiss on this ground.

### III. Failure to Provide Long-Term Disability Benefits Plan Upon Request

Defendant argues that Plaintiff's claim regarding Defendant's failure to provide a copy of the relevant long-term disability benefits plan is improperly plead.

The complaint refers only in its request for damages to Defendant's failure to provide Plaintiff with the relevant plan. (Comp. 5). No facts are alleged in the body of the complaint to justify this request for damages. Plaintiff has therefore failed to provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); see Twombly, 550 U.S. at 555 (holding that a plaintiff must show "more than labels and conclusions" and that "a formulaic recitation of the elements of a cause of action will not do.").

Because Plaintiff has failed to plead any facts to support his allegation that Defendant failed to provide him with a copy of the relevant plan upon request, the Court grants Defendant's motion to dismiss, with leave to amend if Plaintiff can truthfully plead facts that would entitle him to relief on this claim.

### III. Proper Party to the Action

ERISA authorizes claims against the relevant plan and plan administrator. 29 U.S.C. § 1132(a)(1)(B), (c); Ford v. MCI Commc'ns Corp. Health & Welfare Plan, 399 F.3d 1076, 1081 (9th Cir. 2005). Because the complaint fails to allege that PG&E is the plan

7

or plan administrator, it fails to state a claim upon which relief may be granted.  Accordingly, the Court grants Defendant's motion to dismiss on this ground, with leave to amend to name the proper defendant or plead that PG&E is a proper defendant.

## CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendant's motion to dismiss.  Plaintiff may file an amended complaint, addressing the deficiencies described above, within seven days of the date of this Order.  If Plaintiff does so, PG&E may file a motion to dismiss within seven days thereafter, with Plaintiff's opposition due seven days following and PG&E's reply due four days after that.  The motion will be taken under submission on the papers.  If Plaintiff fails to file an amended complaint the case will be dismissed for failure to prosecute.

The case management conference on July 13, 2010 is vacated and rescheduled to July 27, 2010.

IT IS SO ORDERED.

Dated: 06/21/10

CLAUDIA WILKEN
United States District Judge

8